**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RONALD CLARK,                                                                    PLAINTIFF
ADC #101466

v.                                        4:14CV00608-BSM-JTK

BILLY MOORE, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Brian S. Miller. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.
If the objection is to a factual finding, specifically identify that finding and the evidence that
supports your objection. An original and one copy of your objections must be received in
the office of the United States District Court Clerk no later than fourteen (14) days from the
date of the findings and recommendations. The copy will be furnished to the opposing party.
Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was
not offered at the hearing before the Magistrate Judge.

1

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     INTRODUCTION

Plaintiff Ronald Clark is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement and failure to protect while he was housed at the Lonoke County Detention Center (Jail) in October, 2013.  Defendants are Jailer Billy Moore and Jail Administrator Kera Ables.[1]  Plaintiff asks for monetary and injunctive relief.

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in support and Statement of Facts (Doc. Nos. 50-52).  Plaintiff filed a Response to the Motion and Brief in Support, and Statement of Facts (Doc. Nos. 56-58).

## II.     AMENDED COMPLAINT

---

[1]Defendant Jailer Adams was dismissed on April 13, 2015 (Doc. No. 48).

Plaintiff alleged Defendant Ables [2] opened the door to his "pod" on October 5, 2013, and allowed a fellow inmate who was a federal trustee into the pod for two and one-half hours before the inmate was discovered missing (Doc. No. 23, p. 3)[3] October 29, 2013, an inmate (Turner) above his pod (who was diagnosed with HIV) spread feces over his cell and flooded his cell, spilling one-fourth to one-half inch of water into Plaintiff's cell. (Id.) Plaintiff informed the tower and Defendant Moore of the flooding and was forced to walk through the fetid water with only a pair of shower shoes for protection. (Id., p. 4) Defendant Moore failed to clean up the mess and Plaintiff was forced to stay in his cell approximately five hours before cleaning. (Id., p. 5) Plaintiff also was subjected to the risk of infection when he was ordered to clean his own cell without gloves, footwear or a face mask. (Id.)

## III.   SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party

---

[2]Defendant Ables, originally named as Jane Doe, was identified in a Supplement to Plaintiff's Original Complaint (Doc. No. 8). Defendant Moore, named as John Doe, was identified by Plaintiff on February 10, 2015 (Doc. No. 33).

[3]In his Response, Plaintiff refers to this inmate as a female trustee inmate. (Doc. No. 58)

has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.      **Qualified immunity**

Defendants state they are entitled to qualified immunity, which protects officials who acted in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have

4

known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009);
see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[4]  Defendants are entitled to qualified
immunity only if no reasonable fact finder could answer both questions in the affirmative.
Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Although "[t]he Constitution does not mandate comfortable prisons," humane
conditions of confinement include "adequate food, clothing, shelter, and medical care."
Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to support an Eighth Amendment
violation, Plaintiff must prove the existence of objectively harsh conditions of confinement,
together with a subjectively culpable state of mind by prison officials in condoning or
creating the conditions.  Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).[5]  The
"defendant's conduct must objectively rise to the level of a constitutional violation,...,by
depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The
defendant's conduct must also reflect a subjective state of mind evincing deliberate
indifference to the health or safety of the prisoner."  Revels v. Vincenz, 382 F.3d 870, 875
(8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v.
Gamble, 429 U.S. 97, 104 (1977)).  "To be cruel and unusual punishment, conduct that does

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

[5]Plaintiff was incarcerated at the time as a pretrial detainee; therefore, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement (Bell v. Wolfish, 441 U.S. 520, 535 (1979)).  In the Eighth Circuit, the standards applied to such claims are the same as those applied to Eighth Amendment claims.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-9 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)).  Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment."  <u>Smith v. Coughlin</u>, 748 F.2d 783, 787 (2d Cir. 1984) (quoting <u>Jackson v. Meachum</u>, 699 F.2d 578, 581 (1st Cir. 1983).

A pretrial detainee's failure to protect claim also is analyzed under the Eighth Amendment, and Plaintiff must prove that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference.  <u>Perkins v. Grimes</u>, 151 F.3d 1127, 1130 (8th Cir. 1998).  The Court also stated that "not every injury suffered by one prisoner or detainee at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id</u>.

### 1)   **Failure to Protect**

#### a.   **October 5, 2013 incident**

Plaintiff alleged that Defendant Ables failed to protect him when she allowed a federal inmate who was a trustee to enter Plaintiff's pod area and remain there undiscovered for about two and one-half hours.  Defendant Ables states that this allegation, without more, fails to support a claim for relief against her, because Plaintiff does not allege that any event or incident occurred during the time the inmate was inside the cell.  He also does not allege any knowledge by Ables of a risk of serious harm posed to him.

The Court agrees.  As noted above, to support a claim of failure to protect, Plaintiff

must allege and prove that Ables knew of a serious risk of harm to Plaintiff, disregarded that risk, and caused a sufficiently serious deprivation to Plaintiff's constitutional rights. <u>Perkins</u>, 151 F.3d at 1130.  However, even accepting Plaintiff's allegation as true, that Ables opened the pod doors to allow the entrance of the trustee into the pod, he does not claim or prove that the trustee was dangerous, that he feared harm from the trustee or had a previous bad encounter with the trustee, or that anything happened to him as a result.  Therefore, the Court finds Plaintiff does not support a constitutional claim for relief.

### b.      October 29, 2013 incident

Plaintiff alleged both Defendants failed to protect him from harm by requiring him to stand in potentially HIV-infected, fetid water for five hours before it was cleaned, and then by requiring him to clean his cell without proper protection.  Plaintiff claims he notified Moore of the incident and that Moore told him he in turn notified Ables.  However, neither came to clean his cell.

In their Motion, Defendants state that Plaintiff initially cannot prove that he was incarcerated with a detainee who was diagnosed with or being treated for HIV.  They rely on a Jail Communicable and Infectious Diseases policy which provides that if an individual is diagnosed as having a contagious or infectious disease, that individual typically is released from custody or hospitalization is arranged.   <u>See</u> Affidavit of Steve Lopez, Jail Administrator, Doc. No. 52-1, p. 2; Communicable and Infectious Diseases Policy, Doc. No. 52-3.  However, during Plaintiff's incarceration from September to November, 2013, there is no record of a detainee housed in the Jail who had been positively tested as having HIV.

(Doc. No. 52-1, p. 2)

Again, the Court finds that Plaintiff does not allege or prove facts sufficient to show knowledge of harm by either Defendant.  Plaintiff stated in his Response to Defendants' Motion that the inmate who flooded his cell told other inmates he had HIV, and "whether the defendants were aware of his (other inmate's) condition, doesn't mean ... that it did not exist in their facility."  (Doc. No. 58, p. 13) In addition, while he did allege that he told Defendant Moore about the flooding, he did not claim to have personally notified Defendant Ables, and did not allege any facts to support a finding of knowledge by her.  With respect to his claim that he was required to clean up the cell without proper protection, he did not allege any involvement by Defendants in his complaint; rather, he stated that "[t]he officer of the next shift finally brought cleaning supplies but ordered Plaintiff to clean his own cell without the protection of a face mask, boots, and gloves." (Doc. No. 23, p. 5) Therefore, absent additional proof of involvement by the Defendants, the Court finds that no fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### 2)    Unconstitutional Conditions

Plaintiff also claimed Defendants disregarded his safety when their failure to timely clean his cell resulted in his exposure to the fetid water for nearly five hours.  Again, he claimed he notified Moore, and that Moore in turn notified Ables of the flooding, but that the inmate who flooded the cell was not removed from his cell for four hours and the cell wasn't cleaned until five hours after the incident.  He further claimed Defendants were aware of the

risk of harm because they knew that the inmate had caused problems.

Defendants state Plaintiff fails to support a constitutional claim for relief against either of them, because he cannot show that he was deprived of the minimal civilized measure of life's necessities or subjected to a substantial risk of serious harm, and that Defendants acted with deliberate indifference to his health and safety.  The five-hour length of time to which Plaintiff was subjected to the conditions was not sufficient to reach the level of a constitutional claim, according to the Defendants, citing numerous cases in support.

As noted earlier, although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. at 832.  In addition, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  Wilson v. Seiter, 501 U.S. at 305.  No constitutional rights were violated when a pretrial detainee was confined in a cell with an overflowed toilet for four days, in Smith v. Copeland, 87 F.3d 265, 268-9 (8th Cir. 1996). "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months,'" Whitnack v. Douglas County, 16 F.3d at 958 (quoting Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)) (other citations omitted). And no constitutional violation was found where a detainee was required to sleep on the floor next to a toilet for six nights, in Goldman v. Forbus, 17 Fed.App. 487, 488 (8th Cir. 2001) (unpublished per curiam).

Considering the totality of the circumstances, including the short period of time at

issue and the lack of proof of knowledge on the part of Defendant Ables, the Court finds that Plaintiff's conditions of confinement were not unconstitutional, and that he provides no proof of the deprivation of a single human need.  No fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### B.    Official Capacity Immunity

Similarly, Plaintiff provides no proof of Defendants' liability in their official capacities. A suit against a county official in his official capacity is the equivalent of a suit against the county itself.  Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).  In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.  Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).  In this case, Plaintiff has not provided proof of an unconstitutional county policy or prevalent practice which resulted in a violation of his rights.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 50) be GRANTED, and Plaintiff's Complaint against Defendants be

DISMISSED with prejudice.

IT IS SO RECOMMENDED this 7th day of August, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE